**Julieta SHAHINYAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–72128.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2013.*

Filed March 22, 2013.

Nathan Menta Zaslow, Law Office of Nathan Zaslow, San Jose, CA, for Petitioner.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Susan Houser, OIL, Daniel Shieh, Esquire, Trial, Timothy Bo Stanton, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

MEMORANDUM \*\*

Julieta Shahinyan, a native of the former Soviet Union and citizen of Georgia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir.2011), and we grant the petition for review.

The BIA abused its discretion in denying Shahinyan's motion to reopen as untimely even though Shahinyan explained in her affidavit that the BIA dismissed her appeal on December 13, 2007, she did not obtain her file from her uncooperative former counsel until January 22, 2008, did not learn of former counsel's ineffective assistance until February 6, 2008 when she met with current counsel and learned from current counsel that she needed to obtain further documents, and her current counsel express mailed her motion to the BIA one day before it was due. *See* 8 C.F.R. § 1003.2(c)(2) (motion to reopen generally

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

must be filed within 90 days of the final administrative order); *see Avagyan,* 646 F.3d at 679 (equitable tolling of the filing deadline available until petitioner definitively learns of the harm resulting from counsel's deficiency or obtains vital information bearing on the existence of his claim).

**PETITION FOR REVIEW GRANTED; REMANDED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.